UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | No. 3:00CR263 (JCH) |
| v. : | |
| : | |
| ANDRE McCLENDON : | May 29, 2008 |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO MOTION FOR
SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(C)(2)**

On June 2, 2002, the Court sentenced defendant Andre McClendon principally to 87 months' imprisonment based on his guilty plea to one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base ("crack"), in violation of Title 21 U.S.C. §§ 846 and 841(b)(1)(A). In a letter dated April 9, 2008, the defendant acting pro se requested a sentence reduction based on the recent amendments to the Sentencing Guidelines applicable to crack cocaine. *See* Docket Number 1882. The Court issued an order dated April 15, 2008, in which it ordered the defendant to show cause why the Court should reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the recent Guidelines amendments, noting that it was not inclined to grant such a reduction due to the defendant's "disciplinary history while at a halfway house, and his escape therefrom." *See* Docket Number 1881. The Court gave the defendant until May 8, 2008 to respond to the order to show cause, and gave the government until May 29, 2008 to file any reply. The defendant has since filed another pro se letter with the Court, although it is not substantive in nature. Given the schedule set forth in the Court's order to show cause, the government hereby files this brief statement of its position on this matter, which is that, while the defendant is eligible for a two-level reduction in his offense level due to the Guidelines

amendments, the Court should exercise its discretion and deny such a reduction on public safety grounds.

## I.     BACKGROUND

As calculated in the presentence report ("PSR"), the defendant's base offense level at sentencing was 34 based on a quantity of crack of at least 150 grams but less than 500 grams. PSR ¶ 35. The defendant also appears to have received a two-level reduction under the safety valve, U.S.S.G. § 5C1.2, as well as three levels for acceptance or responsibility. *See* PSR ¶¶ 36, 41; Addendum to PSR, dated May 13, 2002; Addendum to PSR, dated April 10, 2008. The defendant's total offense level was 29, which, when combined with a criminal history category I, resulted in a guideline range of 87 to 108 months in prison. *See* Addendum to PSR, dated April 10, 2008. The Court sentenced him principally to 87 months in prison.

As reflected in the April 2008 Addendum to the PSR, the defendant was in a halfway house in Connecticut in January 2008, where he is reported to have accumulated a number of "tickets" for infractions of halfway house rules, among them being an incident where he is said to have threatened a member of the halfway house's staff. As the addendum also reflects, on February 5, 2008, the defendant escaped from the halfway house. He later turned himself in and was taken into custody not long after the escape.

A two-level reduction in the defendant's offense level would result in an amended guideline range of 70 to 87 months' imprisonment. The Bureau of Prisons website reflects that the defendant is currently scheduled to be released on July 3, 2008. If the Court grants a sentence reduction, the defendant could be eligible for immediate release, depending on the extent of any such reduction.

## II.   DISCUSSION

### A.   The 2007 Amendments to the Crack Guidelines and 18 U.S.C. § 3282(c)(2).

Title 18, United States Code, section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case.[1] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). *See* U.S.S.G. App. C, Amend. 712. Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

>   (1)   <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). *See*, *e.g.*, *United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997); *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995); *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004); *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996); *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994); *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997); *United States v. Cueto*, 9 F.3d 1438, 1441 (9th Cir. 1993); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).

        Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

  (2)    Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

      (A)    none of the amendments listed in subsection (c) is applicable to the defendant; or

      (B)    an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

  (3)    Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack offenses.[2] On December 11, 2007, the Commission added Amendment 706 to the list of amendments in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713. *Id.*

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. *See* U.S.S.G., Supplement to App. C, Amend. 706. Previously, the Commission had set the crack offense levels in Section

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

### B.    The Court has Discretion Whether to Grant a Sentence Reduction Under 18 U.S.C. § 3582(c)(2) and Should Consider Public Safety Factors.

The Court may act on a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(2) without the defendant's presence. Section 1B1.10(a)(3) of the Guidelines provides that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full

resentencing of the defendant." In addition, Fed. R. Crim. P. 43(b)(4) explicitly provides that a defendant "need not be present" when the proceeding involves a reduction of sentence under 18 U.S.C. § 3582(c). Likewise, given the rules and considering the burdens imposed on producing prisoners incarcerated within the Bureau of Prisons, the federal courts of appeals to address this issue have uniformly held that a defendant has no constitutional or statutory right to be present in connection with a motion filed under § 3582(c). *See, e.g.*, *Anderson v. United States*, 241 Fed. Appx. 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding is <u>not</u> required") (emphasis in original); *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (same; hearing not required); *United States v. Tidwell*, 178 F.3d 946, 948-949 (7th Cir. 1999) (same, noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

Although the defendant may qualify for a reduction in sentence under § 3582(c)(2) and the applicable policy statements of the Commission, a reduction of sentence is not automatic. This Court's discretion is set forth in § 3582(c)(2) itself, which provides: "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced. *United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998); *see also United States v. Colon*, 961 F.2d 41, 46 (2d Cir. 1992)(stating that district court, in the first instance, had to

determine to what extent, if any, it has authority to apply retroactive amendment and whether it wishes to exercise its discretion to do so).

Similarly, § 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." *Id*., comment. (n. 1(B)(I)); *see also* U.S.S.G. § 1B1.10, comment. (backgr'd) ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). Courts are in agreement on this point. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997); *United States v. Coohey*, 11 F.3d 97, 101 (8th Cir. 1993); *United States v. Wales*, 977 F.2d 1323, 1327-28 (9th Cir. 1992).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." *Vautier*, 144 F.3d at 760. First, § 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

*Id*. In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions

made during the original sentencing remain intact."[3] *Vautier*, 144 F.3d at 760.

In the second step, "the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence." *Id*. Subject to the limits set forth in § 1B1.10(b), the Court may consider all pertinent information in applying the § 3553(a) factors and determining whether and by how much to reduce the defendant's sentence.

In particular, the Court must consider public safety considerations, and may consider information regarding the post-sentencing conduct or situation of the defendant, whether positive or negative. Revised application note 1(B)(ii) directs that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." Revised application note 1(B)(iii) further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment." The application note explains that these factors are relevant in determining whether and by how much to reduce a sentence, but only within the limits set forth in § 1B1.10(b).

---

[3] The Eighth Circuit has also endorsed and explained at length this two-step procedure. *United States v. Hasan*, 245 F.3d 682, 684-85 (8th Cir. 2001) (en banc) (*citing United States v. Wyatt*, 115 F.3d 606 (8th Cir. 1997)).

In *United States v. Legree*, 205 F.3d 724, 728 (4th Cir. 2000), the court stated that it disagreed with the need for or utility of the two-step method. However, the essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record. The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.

### C. The Extent of Any Sentence Reduction is Strictly Limited.

If this Court decides to reduce a defendant's sentence, the extent of the reduction is strictly limited. Congress delegated to the Sentencing Commission the authority to determine to what extent a sentence may be reduced. *See* 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u). The Commission, in turn, directed in § 1B1.10(b) that, with one exception (where the defendant earlier received a below-guideline sentence), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10, comment. (n. 3). Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." *Id.*, comment. (n. 3).

### D. The Court Should Exercise its Discretion and Deny Relief on Public Safety Grounds.

Here, the defendant is eligible for a two-level reduction, but the Court should exercise its discretion and determine that a reduction is inappropriate in light of the § 3553(a) factors. In

particular, the defendant's disciplinary record at the halfway house, which included threats directed at a member of the staff, combined with the fact that he committed the separate crime of escape while there should weigh heavily against granting a sentence reduction in this case. The public safety concerns raised by this conduct cannot be ignored. Indeed, the recency of the misconduct only amplifies the reason for not reducing the defendant's sentence, as it shows the defendant's unwillingness to conform his conduct to the law despite having served an extensive period of incarceration.

## **CONCLUSION**

For the foregoing reasons, the Court should exercise its discretion and deny the defendant a sentence reduction on public safety grounds.

Respectfully submitted,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

By:  /S/_____
PAUL A. MURPHY
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. CT26654
UNITED STATES ATTORNEY'S OFFICE
915 LAFAYETTE BOULEVARD
BRIDGEPORT, CT 06604
(203) 696-3000

**CERTIFICATE OF SERVICE**

     I hereby certify that on May 29, 2008, I caused a copy of the foregoing GOVERNMENT'S MEMORANDUM IN OPPOSITION TO MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(C)(2) to be sent to the following:

by first class mail, postage prepaid:

Andre McClendon, Inmate # 14243-014
FCI FAIRTON
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 420
FAIRTON, NJ  08320


Elliot R. Warren
327 Riverside Ave.
Westport, CT 06880



by hand delivery:

Raymond Lopez, Sr. Probation Officer
U.S. Probation
915 Lafayette Blvd.
Bridgeport, CT 06604



                                          /S/
                                          PAUL A. MURPHY
                                          ASSISTANT UNITED STATES ATTORNEY