UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : No. 3:00CR263 (JCH) |
| v. | : |
| ANDRE MCCLENDON | : June 2, 2008 |

### MEMORANDUM IN SUPPORT OF MOTION TO REDUCE SENTENCE RE: CRACK COCAINE OFFENSE PURSUANT TO 18 U.S.C. 3582

The Defendant, Andre McClendon, has herewith moved for a reduction of sentence based upon the changes to the crack cocaine guidelines.

Mr. McClendon was sentenced to a term of incarceration of 87 months on June 2, 2000 as a result of his plea of guilty to Conspiracy to Possess with Intent to Distribute 150 – 500 Grams of Cocaine Base . His initial Guidelines Range was calculated to be 87-108 Months, and he was sentenced to the lowest point of that Guideline range by the Court (which awarded him the "safety valve" thereby negating the mandatory minimum term of 10 years imprisonment).

Pursuant to the amendments to the Guidelines, his new Guideline Range would be 70-87 months, reflecting a two level reduction to a new initial level 32 with a three level reduction for acceptance of responsibility and adjustments for the "safety valve," yielding an adjusted Guideline level of 27 and a criminal history of Category I.

1

As the Court is aware from the initial Probation Report, Mr. McClendon was only 18-19 during his commission of this offense. He was the second cousin of Anthony and Kelvin Burden, among the leaders of the charged conspiracy. Due to a conflict with his mother, and the fact that he got shot while living with his mother in the Norwalk projects, Andre moved out of his house in 1999 and moved in with his cousin Kelvin. He was influenced by Kelvin (and Anthony) to get involved in activities related to the conspiracy. In summary, he was a troubled teenager drawn into serious crime by the very relatives who were supposed to protect him from further harm

The Government and Probation Department object to a reduction of sentence in this case. They both readily admit Andre qualifies for a reduction under the new crack guidelines. However, they argue that his difficulties this winter at a halfway house, involving a conflict with one of the employees, mean that his early release would create a public safety issue. We disagree.

First, Andre was punished for his behavior at the halfway house by being sent back to a Federal Correctional Institution.

Second, due to his existing impending release date, a reduction in his sentence by the Court would effectively reduce his sentence by less than 2 months, not the potential 17 months if the new Guidelines were fully implemented. Andre has already served over 6 years in prison.

Third, Andre will, upon his release, be under Supervised Release for five years. There is ample opportunity for the Probation Department to monitor his behavior, insure that he is living in an appropriate environment, and protect the public from any improper

behavior on his part.

      In summary, we request that the Court reduce Mr. McClendon's sentence to time served and order his immediate release.

      Respectfully Submitted

      The Defendant, Andre McClendon


By:_____x_____
    Elliot R. Warren
    327 Riverside Avenue
    Westport, CT 06880
    Phone (203) 226-1716
    Fed. Bar No. ct 07084
    ewarrenlaw @aol.com
      -His Attorney-


**Certificate of Service**


      I hereby certify that on this date, a copy of the foregoing was filed electronically and served by mail on any counsel unable to accept electronic filing, and on the U.S. Probation Office. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's EM/ECF System.

Additional copy sent by mail to:

Ray Lopez
U.S. Probation Officer
915 Lafayette Boulevard
Bridgeport, CT 06604

      _____x_____
      Elliot R. Warren, Esq.