# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | CRIMINAL NO. |
| | : | 3:00-CR-263(JCH) |
| v. | : | |
| | : | |
| ANDRE McCLENDON | : | JUNE 9, 2008 |
| Defendant. | : | |

## RULING

The defendant, initially <u>pro se</u> and now through counsel, has moved for a reduction of his sentence due to the recent amendment of the Sentencing Guidelines concerning crack cocaine.  The Sentencing Commission has amended the Guidelines, through Amendment 706, effective November 1, 2007, to reduce the base offense level for most crack offenses, and it has determined to apply it retroactively, effective March 3, 2008, U.S.S.G. App. C., Amendment 713.

On June 2, 2002, the court sentenced defendant Andre McClendon to 87 months imprisonment based on his guilty plea to one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base ("crack"), in violation of Title 21 U.S.C. §§ 846 and 841(b)(1)(A). In a letter dated April 9, 2008, the defendant acting pro se, requested a sentence reduction based on the recent amendments to the Sentencing Guidelines applicable to crack cocaine.  <u>See</u> Doc. No. 1882. The court issued an Order, dated April 15, 2008, in which it ordered the defendant to show cause why the court should reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the recent Guidelines amendments, noting that it was not inclined to grant such a reduction due to the defendant's "disciplinary history while at a halfway house, and his escape

therefrom." See Order (Doc. No. 1881).  The court gave the defendant until May 8,

2008, to respond and gave the government until May 29, 2008, to file any reply.  The

government filed a Memorandum in Opposition on May 29, 2008 (Doc. No. 1900).  On

May 28, 2008, counsel made a Motion to Appear, which the court promptly granted.

The defendant, through counsel, filed a Motion to Reduce on June 2, 2008 (Doc. No.

1906).

     The defendant clearly qualifies for a reduction in his sentence.  His original

guidelines were 87 - 108 months (29/I), and his amended guidelines are 70 - 87 months

(27/I).

     Although the defendant may qualify for a reduction in sentence under section

3582(c)(2) of Title 18, and the applicable policy statements of the Commission, a

reduction of sentence is not automatic.  The court's discretion is set forth in section

3582(c)(2), which provides, "The court may reduce the term of imprisonment, after

considering the factors set forth in section 3553(a) to the extent that they are

applicable, if such a reduction is consistent with applicable policy statements issued by

the Sentencing Commission."

     Similarly, U.S.S.G. § 1B1.10 directs that, "The court shall consider the factors set

forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's

term of imprisonment is warranted." Id., comment. (n. 1(B)(I)); see also U.S.S.G. §

1B1.10, comment. (backgr'd) ("The authorization of such a discretionary reduction does

not otherwise affect the lawfulness of a previously imposed sentence, does not

authorize a reduction in any other component of the sentence, and does not entitle a

defendant to a reduced term of imprisonment as a matter of right.").

Among the factors in Section 3553(a) of Title 18 is protecting the public from further crimes of the defendant and deterence.  Further, revised Application Note 1(B)(ii) directs that, "The court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment."  Revised Application Note 1(B)(iii) further directs that, "[t]he court may consider post-sentencing conduct of the defendant that occurred after the imposition of the original term of imprisonment."  The Application Note explains that these factors are relevant in determining whether and by how much to reduce a sentence, within the limits set forth in § 1B1.10(b).

The defendant had been placed in a halfway house for the completion of his original sentence.  While at the halfway house, he was found to have been "absent from work or any assignment" and violated a condition of a community program.  See Community Solutions Inc., Closing Summary.  He was also charged with Insolence Toward Staff and Threatening Another with Bodily Harm.  Before a proceeding on these latter two charges could be held, the defendant escaped from the halfway house.  In light of this post-conviction history, and in particular the escape, the court declines to exercise its discretion to grant a sentence reduction to the defendant.

For the foregoing reasons, the defendant's Motion to Reduce (Doc. No. 1906) is denied.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 9th day of June, 2008.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge